**JOHNSON CITY MEDICAL CENTER HOSPITAL**

v.

**UNITED STATES of America.**

**No. CIV–2–89–225.**

United States District Court, E.D. Tennessee, at Greeneville.

Feb. 7, 1992.

Michael Swiney, Paine, Swiney & Tarwater, Knoxville, Tenn. and Mark A. Borreliz, Choate, Hall & Stewart, Boston, Mass., for plaintiff.

Joseph Minni and Carol C. Priest, Tax Div. U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

HULL, District Judge.

## FINDINGS OF FACT:

The following facts have been stipulated in this cause by the parties:

1. The plaintiff, Johnson City Medical Center Hospital (the "Hospital"), is a corporation organized and existing under the laws of the State of Tennessee.

2. The Hospital operates a general acute care hospital located on State of Franklin Road in Johnson City, Tennessee.

3. The Employer Identification Number for the Hospital is 62–0476282.

4. In each tax quarter of 1985 and 1986, the Hospital paid Federal Insurance Contribution Act ("FICA") taxes with respect to its employees by filing quarterly FICA payments with the United States Internal Revenue Service Center in Memphis, Tennessee.

5. In each tax quarter of 1985 and 1986, the Hospital included in its payroll calculations, and made FICA payments on behalf of, certain employees working at the hospital and attending nursing school at the same time ("Employees").

6. During the relevant tax periods, the Employees were enrolled in, and regularly attended, a degree-granting nurse training program at East Tennessee State University.

7. During the relevant tax periods, the nursing program at East Tennessee State University was accredited by the National League of Nurses and approved by the State of Tennessee Department of Health and Environment, Board of Nursing, and are thus approved pursuant to state law.

8. During the relevant tax periods, the Employees were employed at the Hospital for not more than 40 hours per pay period. Each pay period was a two-week period.

9. The Hospital's policy was that any employee who worked less than 20 hours per week was a part-time employee.

10. During the relevant tax periods, the Employees were employed in the positions of Nurse Tech, Nurse Assistant, L.P.N., ACC Secretary, and Nurse Extern. Those positions are accurately described in Exhibits B through F, incorporated herein by reference and attached to the "Joint Stipulation of Facts" filed by the parties. (Doc. 39).

11. Employees who were hired as "nurse techs" by the Hospital were required to be enrolled in nursing school and to have completed at least one semester of clinical nursing training.

12. Employees who were hired as "nurse externs" were required to be enrolled in nursing school and entering their senior year, and received special training and instruction from the Hospital.

13. For the work for which the Employees were paid by the Hospital, the Employ-

ees did not receive academic credit from East Tennessee State University to be applied to their nursing programs or degrees.

14. During the relevant tax periods, Section 3121(b)(13) of the Internal Revenue Code exempted from the forms of employment subject to FICA taxation "service performed as a student nurse in the employ of a hospital or a nurses' training school by an individual who is enrolled and is regularly attending classes in a nurses' training school chartered or approved pursuant to State law."

15. For each of the tax quarters in question, the Hospital filed timely claims with the Internal Revenue Service Center in Memphis, Tennessee, for refund of the FICA payments made with respect to the Employees.

16. For both of years 1985 and 1986, the Hospital filed Internal Revenue Service ("IRS") Form 843, IRS Form 941c, and an Annual Summary setting out the amount of the refund claimed by the Hospital.

17. The amount of the FICA refund claimed by the Hospital for 1985 was $9,092.91.

18. The amount of the FICA refund claimed by the Hospital for 1986 was $5,089.55.

19. The total amount of refunds claimed by the Hospital for the years 1985–1986 was $14,182.46.

20. On June 25, 1987, the IRS provided the Hospital with a notice of disallowance of all of the claims for tax refunds for 1985 and 1986.

21. Each of the Employees has signed and provided a written consent stating that he or she wishes to have the Hospital make a claim for a refund on his or her behalf.

22. The amounts at issue in this case consist of wages earned only during the periods during any year that the employees were both employed as part-time employees at the Hospital and were enrolled as nursing students.

23. In determining which of its employees were possibly entitled to an exemption from FICA taxes (and for whom it is seeking refunds) the Hospital and its agent, a consulting firm, Targeted Management Consultants, Inc., prepared a detailed summary. This summary was prepared based upon the Hospital's personnel, payroll, and time card records. This summary is incorporated by reference and is marked as Exhibit A attached to the "Joint Stipulation of Facts" filed by the parties. (Doc. 39).

24. Exhibit A provides information concerning the student nurses for whom the Hospital paid FICA taxes in the following categories:

name; social security number; nursing school and attendance dates; nursing program attended; position while a student; job change after graduation; list of qualifying pay periods for 1985 and 1986; hours worked during each qualifying pay period; overtime or vacation pay by pay period; wages by each qualifying pay period; and total wages during the qualifying periods.

25. The wages of the student nurses for which the Hospital paid FICA taxes for 1985 and 1986 total $24,649.99.

26. The total amount of refund sought by the Hospital in this action is $3,496.34 in FICA taxes paid in 1985 and 1986.

CONCLUSIONS OF LAW:

1. Title 26 § 3121(b) of the United States Code provides:

For purposes of this chapter, the term "employment" means any service, of whatever nature, performed (A) by an employee for the person employing him ... except that such term shall not include—

(13) service performed as a student nurse in the employ of a hospital or a nurses' training school by an individual who is enrolled and is regularly attending classes in a nurses' training school chartered or approved pursuant to State law;

. . . . .

2. Title 26 of the Code of Federal Regulations contains the following applicable provision:

§ 31.3121(a)–1 Wages.

(a) Whether remuneration paid after 1954 for employment performed after 1936 constitutes wages is determined under section 3121(a).

(b) The term "wages" means all remuneration for employment unless specifically excepted under section 3121(a) (see §§ 31.3121(a)(1)–1 to 31.3121(a)(15)–1, inclusive) or paragraph (j) of this section.

(j) In addition to the exclusions specified in §§ 31.312.(a)(1)–1 to 31.3121(a)(15)–1, inclusive, the following types of payments are excluded from wages:

(*l*) Remuneration for services which do not constitute employment under section *3121(b)* and which are not deemed to be employment under section 3121(c) (see § 31.3121(c)–1). (emphasis added).

3. Both parties contend that this case turns on the Court's interpretation of the following exemption from employment:

§ 31.3121(b)(13)–1 Services of student nurse or hospital intern.

(a) Services performed as a student nurse in the employ of a hospital or a nurses' training school are excepted from employment, if the student nurse is enrolled and regularly attending classes in a nurses' training school and such nurses' training school is chartered or approved pursuant to State law.

4. Revenue Ruling 85–74 explains the student nurse exception and the applicable legislative history as follows:

In enacting the exception under section 3121(b)(13) of the Code, Congress stated that "[t]he intent of the amendment is to exclude those persons and those organizations in which the employment is part-time or intermittent; ·and the total amount of earnings is only nominal, and the payment of the tax is inconsequential and a nuisance. The benefit rights built up are also inconsequential. Many of those affected, such as students ... will have other employment which will enable them to develop insurance benefits." H.R.Rep. No. 728 76th Cong., 1st Sess. 18 (1939), 1939–2 C.B. 538, 543.

The language of the statutes, including use of the phrase "student nurse," and the legislative history indicate Congress' intent to except services as a student nurse from the definition of employment only if the following three requirements are met:

(1) The employment is substantially less than full time,

(2) The total amount of earnings is nominal, and

(3) The only services performed by the student nurse for the employer are incidental parts of the student nurse's training toward a degree which will qualify him or her to practice as a nurse or in a specialized area of nursing.

5. The process of review of this Court of this ruling is succinctly summarized in *Centra, Inc. et al. v. United States of America*, 953 F.2d 1051 (6th Cir.1992). In *Centra, supra,* the Sixth Circuit explains:

In *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), the Supreme Court explained how a court should treat agency interpretation of statutes within the agency's ambit.

When a court reviews an agency's construction of the statute which it administers, it is confronted with two questions. First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute. 467 U.S. at 842–43, 104 S.Ct. at 2781–82 (emphasis added). The Court went on to state that in determining whether an agency's answer is based on a permissi-

ble construction of a statute, a reviewing "court need not conclude that the agency construction was the only one it permissibly could have adopted to uphold the construction, or even the reading the court would have reached if the question initially had arisen in a judicial proceeding." 467 U.S. at 843 n. 11, 104 S.Ct. at 2782 n. 11.

The Sixth Circuit goes on to state:

... a REVENUE RULING is entitled to some deference unless "it conflicts with the statute it supposedly interprets or with that statute's legislative history or if it is otherwise unreasonable."

In summary, the Sixth Circuit indicates that an "interpretation should be accepted by the courts unless it is impermissible and repugnant to the statute or its legislative history."

6. The Court finds that there has been no showing by the plaintiff that the agency interpretation contained in Revenue Ruling 85-74, is "impermissible and repugnant to the statute or its legislative history." *Centra, supra.*

7. It has been stipulated by the parties that the student nurses in question received no academic credit from their nursing school for the work which they performed for the plaintiff hospital. The Court finds that these services are not incidental parts of the student nurses' training for a degree because they were sporadic and seemingly unconnected to any type pattern or plan.

8. The Court also finds that the amount of earnings was not nominal in view of the fact that the earnings ranged from $4852.24 for a seven-month period down to $46.67 for a student nurse who worked one 8½ hour shift. Student nurses were compensated the same as other employees who worked the same number of hours.

9. Therefore, pursuant to Revenue Ruling 85-74, the services of these student nurses are not exempted from employment under § 3121(b)(13), because these services were not incidental to obtaining a degree, and because earnings were not nominal.

Accordingly, it is hereby ORDERED that judgment is entered for the defendant, and the plaintiff's complaint is DISMISSED.